Filed 2/9/24  Peretz v. San Diego Guns CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| ALMOG PERETZ, | D081804 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2020-00016638-CU-PO-CTL) |
| SAN DIEGO GUNS, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Reversed with directions.

Abir Cohen Treyzon Salo, Boris Treyzon and Joseph Finnerty, for Plaintiff and Appellant.

Law Offices of Adrienne D. Cohen, Adrienne D. Cohen and Sean R. Ferron, for Defendant and Respondent.

Almog Peretz was injured when John T. Earnest entered the Chabad of Poway synagogue on April 27, 2019 and fired a recently purchased AR-15 at congregants.  Earnest purchased the weapon from San Diego Guns, LLC (San Diego Guns).  Peretz sued San Diego Guns.  After the superior court granted San Diego Guns summary judgment, Peretz appealed.  The parties have now

filed a stipulated motion to set aside judgment and remand the matter to the superior court. We conclude the motion has merit, and we reverse the judgment and remand the matter.

## BACKGROUND

Peretz sued San Diego Guns alleging negligence for selling an AR-15 to Earnest in Case No. 37-2020-00047963-CU-PO-CTL.  The superior court consolidated the action into *Goldstein v. Earnest*, Case No. 37-2020-00016638-CU-PO-CTL (the Goldstein action).  The plaintiffs in the Goldstein action alleged negligence, negligence per se, negligent entrustment, and public nuisance.  They also alleged that San Diego Guns breached common law duties and violations of various firearms regulations when it sold the firearm to Earnest.

On October 14, 2022, San Diego Guns moved for summary judgment against the plaintiffs, or alternatively for summary adjudication as to the separate causes of action in the various complaints.  San Diego Guns argued that Earnest held a valid, unexpired hunting license and therefore met the exemption under Penal Code[1] section 27510, so it was not negligent.  San Diego Guns also argued that the public nuisance claims were barred by the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 et seq.

On January 10, 2023, the superior court issued an order granting summary judgment against Peretz and summary adjudication as to the other plaintiffs in the Goldstein action as to all but the common law negligence claims.  The court concluded that San Diego Guns complied with section 27510.  Because the negligence cause of action was based on the alleged

---

1    Further section references are to the Penal Code unless otherwise specified.

2

violation of the statute, the court concluded summary judgment against Peretz was appropriate.

On February 14, 2023, the plaintiffs in the Goldstein action filed a writ of mandate, asking us to direct the trial court to vacate its summary adjudication ruling on the causes of action that relied on negligence per se.

On July 19, 2023, we issued a published decision reversing the superior court's order granting summary adjudication, *Goldstein v. Superior Court* (2023) 93 Cal.App.5th 736, review denied Sept. 13, 2013, S281192 (*Goldstein*). There, we explained section 27510's reference to a "valid, unexpired hunting license" is ambiguous. However, section 16685 clarified "a hunting license is 'valid' and 'unexpired' only if it can *currently* be used to engage in hunting." (*Id.* at pp. 747, 748–749.) We further explained that because "Earnest's hunting license did not become valid until it could be used for engaging in hunting on July 1, 2019," after the date of the weapon's purchase, "the trial court erred in ruling in favor of San Diego Guns on its motion for summary adjudication on the causes of action that were based on the doctrine of negligence per se." (*Id.* at p. 750.)

San Diego Guns filed a petition for review in the Supreme Court, which the Supreme Court denied on September 13, 2023.

Peretz and San Diego Guns filed a stipulated motion to set aside judgment and remand the matter to the superior court pursuant to Code of Civil Procedure section 128, explaining the negligence claim and defense in this matter is identical to the one in *Goldstein* and recognizing our statutory interpretation in *Goldstein* applies equally here. We conclude the parties have satisfied the requirements of that section, and we grant the request.

## DISCUSSION

We may not reverse a judgment upon stipulation of the parties unless we make two findings: (1) "There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal"; and (2) "The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (Code Civ. Proc., § 128, subd. (a)(8)(A), (B).) We conclude these factors are satisfied.

First, there is no reasonable probability the interests of nonparties or the public will be adversely affected by the reversal. The case impacts only Peretz and San Diego Guns.

Second, the parties' reasons for reversal outweigh any risk of erosion of public trust. The parties seek reversal because they agree the trial court erred, and they recognize our order in *Goldstein* means this case will similarly result in reversal. Public trust is advanced, not eroded, by stipulated reversals to resolve judicial error. (See, e.g., *In re Rashad H.* (2000) 78 Cal.App.4th 376, 380–381.) Moreover, the reversal by stipulation here allows the plaintiff to avoid an unnecessary delay of the case and offers a more efficient resolution. Public trust is advanced by preservation of judicial resources.

Third, there is no evidence before us that the availability of a stipulated reversal here would reduce the incentive for pretrial settlement. There is no evidence that efforts were made to resolve the matter before the summary judgment motion.

4

DISPOSITION

The judgment is reversed and the matter remanded to the trial court for further proceedings. The parties will bear their own costs on appeal. The remittitur shall issue immediately.

McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


CASTILLO, J.

5